**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Duarte-Ruelas,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, *et al.*,<br><br>Respondents. | No. CV-18-01873-PHX-RCC (BGM)<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Petitioner Manuel Duarte-Ruelas's *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Doc. 1). Respondents filed their Response to Petition for a Writ of Habeas Corpus ("Response") (Doc. 16). Respondents subsequently filed a Motion to Dismiss (Suggestion of Mootness) (Doc. 18). The Hon. James F. Metcalf "construe[d] this filing as a supplement to Respondents' Answer ["Response"] to the Petition." Order 8/23/2018 (Doc. 19). Petitioner filed his Traverse (Doc. 20). The State Respondent joined the response and supplement filed by the Federal Respondents. Respondent Ryan's Joinder in Response to Pet. for Writ of Habeas Corpus and Suppl. (Doc. 22). The Petition is ripe for adjudication.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[1] this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court dismiss the Petition (Doc. 1).

---

[1] Rules of Practice of the United States District Court for the District of Arizona.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Florida Criminal Matter*

Petitioner Manuel Duarte-Ruelas was confined in Arizona State Prison Complex—Yuma, Cibola Unit in San Luis, Arizona. *See* Petition (Doc. 1). On July 7, 2016, Petitioner was indicted on one (1) count of conspiracy to distribute a controlled substance. Indictment, *United States v. Ruelas*, No. 8:16-CR-00304-VMC-JSS (M.D. Fla. July 7, 2016) (Doc. 1). On August 4, 2016, Petitioner was served with a detainer as a result of this indictment. Petition (Doc. 1), Detainer Against Sentenced State Prisoner Based on Fed. Arrest Warrant 8/3/2016 (Exh. "B"). On August 11, 2016, the executed detainer was received in the Middle District of Florida. Notice, *United States v. Ruelas*, No. 8:16-CR-00304-VMC-JSS (M.D. Fla. August 11, 2016) (Doc. 3). Petitioner demanded a speedy trial. *Id.* On April 23, 2018, Petitioner filed a Motion for Final Disposition of Untried Warrants, Information, Complaints or Indictments ("Motion for Final Disposition") seeking "disposition of this matter pursuant to the Interstate Agreement On Detainers[.]" Mot. for Final Disposition, *United States v. Ruelas*, No. 8:16-CR-00304-VMC-JSS (M.D. Fla. April 23, 2018) (Doc. 5) at 1. On May 26, 2018, Petitioner's motion was denied without prejudice with leave to "raise these issues if he so desires when he is taken into custody in the Middle District of Florida." Order, *United States v. Ruelas*, No. 8:16-CR-00304-VMC-JSS (M.D. Fla. May 26, 2018) (Doc. 6). On August 22, 2018, the Government filed its motion to dismiss Petitioner's criminal case. Request for Leave to Dismiss Indictment, *United States v. Ruelas*, No. 8:16-CR-00304-VMC-JSS (M.D. Fla. August 22, 2018) (Doc. 7) at 1. On the same date, the Florida district court granted the Government's motion and dismissed the pending criminal case against Petitioner. Order, *United States v. Ruelas*, No. 8:16-CR-00304-VMC-JSS (M.D. Fla. August 22, 2018) (Doc. 8).

### B. *The Instant Habeas Proceeding*

On June 14, 2018, Petitioner filed his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). Petitioner asserts a single ground for relief alleging that he

"was denied due process of law under the Fourteenth Amendment and the Interstate Agreement on Detainers Act when he was denied the opportunity to obtain a speedy disposition of a detainer lodged against him by the U.S. Marshals." Petition (Doc. 1) at 4. On August 14, 2018, Respondents filed their Response (Doc. 16), asserting that pursuant to the Interstate Agreement on Detainers Act ("IADA") this Court lacks jurisdiction over the matter. Response (Doc. 16) at 3–4. On August 2, 2018, Respondents filed their supplemental response (Doc. 18), noting that the United States District Court for the Middle District of Florida had dismissed the indictment thereby mooting Petitioner's habeas claim. On August 24, 2018, Petitioner filed his Reply (Doc. 15).

## II. ANALYSIS

### A. *Jurisdiction*

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* at 864. Therefore, before proceeding to any other issue a court must establish whether a habeas petition is filed pursuant to § 2241 or § 2255 to determine whether jurisdiction is proper. *Id.* at 865.

The Ninth Circuit Court of Appeals has recognized federal jurisdiction over challenges to the Interstate Agreement on Detainers Act ("IAD") in the context of state prisoners challenging their conviction pursuant to Section 2254, Title 28, United States Code. *See Cody v. Morris*, 623 F.2d 101, 103 (9th Cir. 1980) (remanding to the district court for consideration of a question of fact raised by petitioner's IAD claim). If Petitioner had been convicted and was challenging that conviction based on an alleged IAD violation, such a collateral attack would be appropriate pursuant to Section 2255, Title 28, United

1  States Code.  *See Reed v. Farley*, 512 U.S. 339, 333–34, 114 S. Ct.  2291, 2299–2300, 129
2  L. Ed. 2d 277 (1994).  A pre-conviction attack on a violation of the IAD is potentially
3  within the federal courts' habeas jurisdiction.  *Boettcher v. Doyle*, 105 Fed. App'x 852,
4  854 (10th Cir. 2004) (exercising jurisdiction over a federal prisoner's § 2241 habeas
5  challenge regarding the IAD).
6        Here, Petitioner seeks relief regarding an alleged denial of the opportunity to obtain
7  a speedy disposition of a detainer lodged against him in violation of the IAD.  Petition
8  (Doc. 1) at 4.  This Court has jurisdiction over this matter.
9        ***B.***     ***Mootness***
10        "Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins.*
11  *Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).  "The
12  jurisdiction of federal courts is defined and limited by Article III of the Constitution."  *Flast*
13  *v. Cohen*, 392 U.S. 83, 94, 88 S.Ct. 1942, 1949, 20 L.Ed. 947 (1968).  Further, the judicial
14  power of this and all federal courts is limited to actual cases or controversies.  U.S. Const.
15  art. III; *see also, Flast*, 392 U.S. at 94–95, 88 S.Ct. at 1949–50 (1968).  "In general a case
16  becomes moot 'when the issues presented are no longer "live" or the parties lack a legally
17  cognizable interest in the outcome.'"  *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181,
18  1183, 71 L.Ed.2d 353 (1982) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S.
19  388, 396, 100 S. Ct. 1202, 1208, 63 L.Ed.2d 479 (1980)).
20        Here, on August 22, 2018, the Government filed its motion to dismiss Petitioner's
21  criminal case.  Request for Leave to Dismiss Indictment, *United States v. Ruelas*, No. 8:16-
22  CR-00304-VMC-JSS (M.D. Fla. August 22, 2018) (Doc. 7) at 1.  On the same date, the
23  Florida district court granted the Government's motion and dismissed the pending criminal
24  case against Petitioner.  Order, *United States v. Ruelas*, No. 8:16-CR-00304-VMC-JSS
25  (M.D. Fla. August 22, 2018) (Doc. 8).  In his habeas petition, Petitioner sought relief for
26  an alleged violation of his Due Process rights based on an alleged denial of "the opportunity
27  to obtain a speedy disposition of a detainer lodged against him by the U.S. Marshals."
28  Petition (Doc. 1) at 4.  The dismissal of the criminal cases disposes of the detainer, and

Petitioner's habeas claim should be dismissed. *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997) (where court "can no longer provide . . . the primary relief sought in [Petitioner's] habeas corpus petition" the issue is moot and must be dismissed).

### III.   RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order DENYING Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  No replies shall be filed unless leave is granted from the District Court.  If objections are filed, the parties should use the following case number: **CV-18-01873-PHX-RCC**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.  The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 3rd day of March, 2021.

Honorable Bruce G. Macdonald
United States Magistrate Judge